COMMONWEALTH vs. CASPER D. FORT.

No. 91-P-1498.

Plymouth. June 16, 1992. - August 18, 1992.

Present: KASS, PORADA, & LAURENCE, JJ.

*Grand Jury. Practice, Criminal*, Grand jury proceedings, Probable cause hearing. *Evidence*, Prior inconsistent statement, Testimony at prior proceeding.

A motion to dismiss indictments was correctly denied, where the evidence presented to the grand jury was sufficient to establish the identity of the defendant and probable cause for his arrest, and where hearsay evidence was properly presented. [183-184]

At a criminal trial in which percipient witnesses to an assault and battery by means of a gun had recanted their statements to police, the witnesses' inconsistent testimony at the probable cause hearing was properly admitted for its probative value where it met the prerequisites of Proposed Mass. R. Evid. 801 (d) (1) (A) and the conditions set forth in *Commonwealth* v. *Daye*, 393 Mass. 55, 73-74 (1984). [184-186]

At a criminal trial there was no error in the prosecution's mode of presentation of properly admitted testimony from a prior hearing. [186]

At the trial of indictments, extrajudicial testimony was sufficiently corroborated by other evidence to establish the defendant's guilt beyond a reasonable doubt. [187-188]

INDICTMENTS found and returned in the Superior Court Department on April 18, 1990.

A motion to dismiss was heard by *James J. Nixon*, J., and the cases were tried before *Cortland A. Mathers*, J.

*William M. Leonard* for the defendant.

*John Bradley*, Legal Assistant to the District Attorney, for the Commonwealth.

PORADA, J. The defendant was convicted by a jury in the Superior Court of armed assault with intent to kill, assault and battery by means of a dangerous weapon, and four charges of assault by means of a dangerous weapon. On appeal, he claims that the judge erred in denying his motion to

dismiss the indictments, in admitting in evidence for its probative value the inconsistent probable cause testimony of two witnesses, and in denying his motion for a required finding of not guilty. We affirm the convictions.

We summarize the pertinent evidence. On December 31, 1989, Marvin Milord accompanied by four friends — Christopher Bender, Damien Price, Michael Starks, and Joseph Boone — drove to Hill Street in Brockton. Once there, Starks and the defendant got into an argument. On a prior occasion, Starks had broken the defendant's nose in a fight. As the argument between the two became more heated, Bender joined Starks. The defendant then drew a gun and fired a shot at Bender's feet. The shot hit a milk carton, which flew into the air. When this occurred, Starks, Bender, and Milord with their two friends jumped into Milord's car with Boone in the driver's seat, Milord in the front passenger's seat, and the other three men in the back seat. The defendant ran to the car and shot a bullet through the front passenger's window. The bullet hit Milord in the face. His friends took him to the hospital. There all five told the police that the defendant had shot Milord. As a result, the defendant was arrested.

At the defendant's probable cause hearing in the Brockton District Court, of the five men who had been in the car, only Milord and Boone were called as witnesses. They both testified that, minutes before the shooting, the defendant had a gun and had fired a shot in the direction of their friend, Bender. Boone also testified that the defendant had shot Milord. At the grand jury proceedings, all five occupants of the car were called as witnesses and recanted their earlier statements to the police that the defendant had shot Milord. Of the five, only Price testified that he saw the defendant with a gun on the evening of the shooting.

At the trial, the defendant moved to exclude as evidence the prior inconsistent statements of Milord and Boone at the probable cause hearing. After a voir dire, the judge denied the motion and allowed the Commonwealth to introduce the

inconsistent testimony of these two witnesses at the probable cause hearing as substantive evidence.

1. *Motion to dismiss.* The defendant moved to dismiss all the indictments against him on the grounds that the grand jury lacked sufficient evidence to indict him and that the integrity of the grand jury proceedings was impaired by the prosecution's "excessive reliance on hearsay." During the course of the grand jury proceedings, two police officers testified. One officer testified that the five occupants of the car had told the police that the defendant shot at the car and the bullet hit Milord in the face. Another officer testified that Kevin Hamilton, the defendant's friend and a witness to the shooting, told him that the defendant fired two shots at the car. Milord, his four companions, and Hamilton were all called to testify before the grand jury. In their testimony they all recanted their earlier statements to the police and told the grand jury that they did not know who shot Milord or at the car. One of the occupants of the car, Price, however, admitted that he saw a gun in the defendant's hand right after a shot was fired at Bender's feet and before a shot was fired at the car. In addition, they all admitted that the defendant was engaged in a heated argument with Starks just before the shooting. Hamilton also testified before the grand jury that after Milord was shot, the defendant said, "That's what he gets."

The defendant argues that since the witnesses to the shooting recanted their earlier statements to the police before the grand jury, the Commonwealth presented insufficient evidence to the grand jury to indict and improperly relied on hearsay statements to the police, which had been repudiated. We do not agree. In order to return a valid indictment, a grand jury must hear "sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him." *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982). "[A]n indictment may stand which is based in part or altogether on hearsay." *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 655 (1979). When a prosecutor possesses evidence which would undermine the credibility of the evidence

likely to affect the grand jury's decision to indict, the prosecutor has a duty to alert the grand jury to the existence of such evidence. *Commonwealth v. Connor*, 392 Mass. 838, 854 (1984).

In this case, the prosecution merely complied with its duty by juxtaposing the hearsay testimony of the police, which embraced statements given by these witnesses immediately after the incident, with the witnesses' direct contradictory testimony. There was no attempt to deceive the grand jury as to the nature or quality of the evidence presented. *Commonwealth v. St. Pierre*, 377 Mass. at 655. *Commonwealth v. Saya*, 14 Mass. App. Ct. 509, 515-516 (1982). *Commonwealth v. Azar*, 32 Mass. App. Ct. 290, 293 (1992). Moreover, the grand jury was presented with direct evidence of the defendant's opportunity, motive, and means "sufficient to warrant a prudent man in believing that the defendant had committed . . . [the] offense[s]." *Commonwealth v. O'Dell*, 392 Mass. 445, 450 (1984), quoting from *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

2. *Probable cause testimony.* The defendant argues that the judge erroneously admitted prior inconsistent statements of Milord and Boone from the defendant's probable cause hearing for their probative value. After both witnesses, in their direct examination, testified that they did not see the defendant with a gun or see the defendant shoot at the car, the judge allowed the Commonwealth to introduce segments of their testimony at the probable cause hearing, which were inconsistent with their testimony on direct, for their probative value. The defendant objected on the grounds that only prior inconsistent statements of a witness before a grand jury were entitled, in limited circumstances, to probative value, *Commonwealth v. Daye*, 393 Mass. 55, 74 (1984), and, if admissible, they should be excluded here because the witnesses gave a plausible explanation for their inconsistent statements during a voir dire on their admissibility. *Commonwealth v. Daye*, 393 Mass. at 74 n.21.

In *Daye*, the Supreme Judicial Court held that prior inconsistent testimony before a grand jury under certain condi-

tions may be admitted as proof of the truth of the matters asserted but deferred the "consideration of issues relating to the probative use of other prior inconsistent statements." *Commonwealth* v. *Daye,* 393 Mass. at 71. In essence, the Supreme Judicial Court adopted Proposed Mass.R.Evid. 801(d)(1)(A)[1] for grand jury testimony subject to three prerequisites: (1) there must exist an opportunity for effective cross-examination of the declarant at trial; (2) the inconsistent statement must clearly be that of the witness, rather than the interrogator and be free of coercion; and (3) other evidence tending to prove the issue must be presented. *Commonwealth* v. *Daye,* 393 Mass. at 73-74. *Commonwealth* v. *Berrio,* 407 Mass. 37, 45 (1990). We see no reason why inconsistent statements at a probable cause hearing should not be given probative value if the prerequisites of Proposed Mass.R.Evid. 801(d)(1)(A) and the conditions set forth in *Daye* are met. See 2 McCormick on Evidence § 251, at 117-121 (4th ed. 1992); 4 Weinstein & Berger, Evidence § 801 (d)(1)(A)(01) (1992), and 3A Wigmore, Evidence § 1018 at 996-998 (Chadbourn rev. 1970 & Supp. 1991). The rationale advanced in *Daye* for admission of inconsistent grand jury statements for their probative value is even more compelling in the instance of probable cause testimony, because not only are the statements made in an atmosphere which impresses upon the declarant the need for accuracy, but also because they are made in a forum which allows the declarant's credibility to be tested by cross-examination. *Commonwealth* v. *Daye,* 393 Mass. at 71-73.

The defendant argues, however, that even if the *Daye* holding is extended to embrace inconsistent probable cause testimony, the judge erred in admitting the statements, because the witnesses had explained their inconsistencies at a voir dire hearing. The *Daye* decision suggests that "[b]efore

---

[1]Proposed Mass.R.Evid. 801(d)(1)(A) reads as follows: "(d) Statements which are not hearsay. A statement is not hearsay if—(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition."

offering a prior inconsistent statement as probative evidence, counsel should ask for a voir dire, during which the witness should be reminded of the circumstances in which the statement was made and given an opportunity to explain the inconsistency," *Commonwealth* v. *Daye*, 393 Mass. at 74 n.21. However, we do not construe this language to mean that once a witness offers an explanation for his inconsistency, the trial judge, even though he disbelieves the witness's explanation, must accept it and exclude the inconsistent statement. Rather, we perceive the voir dire hearing as a mechanism for the trial judge's determination that the conditions of the *Daye* decision are met, in particular that the statements are inconsistent, that they are the witness's statements and not those of the interrogator, and that they are not the product of undue pressure or coercion. In this case, the trial judge did not believe the witnesses' explanation that their inconsistent statements were based on what others told them. There was no error in the admission of the witnesses' inconsistent probable cause testimony for its probative value.

For the first time on appeal, the defendant challenges the prosecution's mode of presentation of the inconsistent probable cause testimony to the jury. During the trial, the prosecution furnished the witnesses with the transcripts of the probable cause testimony. The prosecutor then read the questions asked at the probable cause hearing and had the witnesses read their answers. The defendant contends that the prosecutor simply should have read both the questions and answers from the transcript of the probable cause hearing to the jury. See *Commonwealth* v. *Berrio*, 407 Mass. at 44. *Commonwealth* v. *Tiexeira*, 29 Mass. App. Ct. 200, 201 (1990) (prosecutor permitted to read excerpt from grand jury transcript). There was no error; much less was there a "serious and obvious error creating a substantial risk of a miscarriage of justice." *Commonwealth* v. *Berrio*, 407 Mass. at 45, quoting from *Commonwealth* v. *Pares-Ramirez*, 400 Mass. 604, 609 (1987). It makes no difference whether the testimony is read by the prosecutor or the witness.

3. *Motion for a required finding of not guilty.* The defendant argues that absent the probable cause testimony of Milord[2] and Boone the evidence was insufficient to establish the guilt of the defendant. In *Daye,* the Supreme Judicial Court stated that "we will not permit convictions based exclusively on inconsistent extrajudicial testimony to stand." *Commonwealth* v. *Daye,* 393 Mass. at 74. Cf. *Commonwealth* v. *Berrio,* 407 Mass. at 45-46 (court declined to address the issue of sufficiency of evidence to corroborate guilt absent grand jury testimony). See *Commonwealth* v. *Tiexeira,* 29 Mass. App. Ct. at 206-207 (evidence deemed sufficient to establish guilt).

Here, the convictions were not based exclusively on extrajudicial testimony. There was other evidence corroborating the defendant's guilt. Milord and his four companions all testified that the defendant was engaged in a heated argument with Starks. Starks admitted that he had broken the defendant's nose in a fight about a month before this incident. Milord affirmed that during the course of the defendant's argument with Starks the defendant fired a gun at Bender's feet, striking a milk carton. Damien Price testified that after that shot was fired, he saw something small and black which he believed to be a gun in the defendant's hand. Immediately after this gunshot, Milord and his companions ran to Milord's car to get away. Bender testified that he saw the defendant running behind them in the general direction of Milord's car. Moments later as they attempted to leave in the car, a second shot, which hit Milord, was fired through the passenger car window. This evidence was sufficient corroboration of the defendant's guilt to withstand a motion for a required finding of not guilty. See *Commonwealth* v. *Forde,* 392 Mass. 453, 457-458 (1984); *Commonwealth* v. *McNel-*

[2]We note that during the trial Milord affirmed, as true, most of his probable cause testimony. As a result, he adopted that portion of his probable cause testimony and barred any objection to this testimony on the ground that those statements were prior inconsistent statements which could not be used to prove the truth of the matters asserted. *Commonwealth* v. *Daye,* 393 Mass. at 67 n.13. *Commonwealth* v. *Tiexeira,* 29 Mass. App. Ct. at 202.

*ley*, 28 Mass. App. Ct. 985, 987 (1990) (defendant may not be convicted solely on an uncorroborated confession).

*Judgments affirmed.*