COMMONWEALTH vs. JASON CLEMENTS.

Suffolk. December 5, 2001. - February 27, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Identification. Evidence,* Identification, Testimony of third party respecting identification, Testimony at prior proceeding, Testimony before grand jury.

At a criminal trial, inconsistent, recanted extrajudicial statements of identification that were the sole evidence of guilt were sufficient to convict pursuant to the principles of *Commonwealth* v. *Daye*, 393 Mass. 55 (1984). [192-196]

INDICTMENTS found and returned in the Superior Court Department on December 17, 1996.

The cases were tried before *Margot Botsford,* J., and a motion for a new trial was heard by her.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Rosemary Curran Scapicchio* for the defendant.

*Paul B. Linn,* Assistant District Attorney, for the Commonwealth.

COWIN, J. The defendant, Jason Clements, and Kenneth Mattox were indicted for murder, armed assault with intent to murder, and possession of a firearm without a license in connection with the shooting death of Gregory Tillery. After a joint trial, Mattox was acquitted of all charges. The defendant was found guilty of murder in the second degree as well as the other two charges. The defendant appealed from his convictions and from the denial of his motion for a new trial. The Appeals Court affirmed the convictions and the denial of the motion, although two Justices dissented.[1] *Commonwealth* v. *Clements*, 51 Mass. App. Ct. 508 (2001). We granted the defendant's ap-

---

[1] The three-member panel was enlarged and convictions were affirmed in a three-to-two decision. *Commonwealth* v. *Clements,* 51 Mass. App. Ct. 508,

plication for further appellate review, limiting our consideration to the issue whether inconsistent, recanted extrajudicial statements of identification that were the sole evidence of guilt are sufficient to convict pursuant to the principles of *Commonwealth v. Daye*, 393 Mass. 55 (1984). We hold that they are and affirm the defendant's convictions.

1. *Facts.* The jury could have found the following facts. Gregory Tillery was shot and killed on Harvard Street in the Dorchester section of Boston at about 6 P.M. on January 30, 1995, with a surviving eyewitness to the crime, Sakoya Willis. Willis had known the defendant since childhood, although their relationship had soured shortly before the murder due to "drugs" and other issues. On the day of the murder, Willis and the victim were selling drugs on a corner on Harvard Street. The defendant and Mattox were also on Harvard Street. At one point, the defendant and Mattox and Willis and Tillery exchanged "looks"; later, Mattox walked by Willis and Tillery singing, "I've never seen a man cry until a man dies." After that, Willis and Tillery moved away from Mattox, proceeding on Harvard Street toward Greenwood Street.

While Willis was near the corner of Harvard and Greenwood Streets with Tillery next to him, a man about six feet tall and wearing a "hoodie" began shooting at Willis and Tillery from a distance of about ten feet. The gun appeared to Willis to be a .380 caliber automatic. Willis heard four shots. He hid behind a car, and then ran. The shooter chased and shot at Willis, but his gun jammed. Willis turned when he was about ten feet from the shooter and saw him trying to "unjam" his gun. Moments later Willis heard four or five more gunshots. He continued running, looked back again and saw two men running from the scene, but could not identify them. Later that evening, he learned that Tillery had been killed.

At trial, Willis insisted that he was unable to identify the shooter and that in fact he never had known who the shooter was. Willis's trial testimony was in marked contrast to his pretrial statements. Prior to trial, at a police station on March 9, 1995, Willis had identified the defendant as the assailant from

508 n.1 (2001). See Mass. R. A. P. 24 (a), 365 Mass. 872 (1974); *Sciaba Constr. Corp.* v. *Boston*, 35 Mass. App. Ct. 181, 181 n.2 (1993).

an array of eight photographs, and had dated and signed the back of the picture. At trial, Willis acknowledged having made that photographic identification, and the photograph was admitted as an exhibit. Willis further testified that he had given a recorded statement to the police indicating that the defendant was the shooter.

Moreover, in November, 1996 (almost two years after the shooting and one year and eight months after he had made the photographic identification), Willis had testified before the grand jury, where he had again identified the defendant as the shooter. At trial, Willis acknowledged his identification of the defendant in his grand jury testimony. He explained his prior identifications to the police and the grand jury by stating that previously, he had believed that it was the defendant who had shot at him and at the victim. He justified his recantation in various ways: he had been drunk at the time of the shooting; it was dark and he really had not seen the shooter's face; he was repeating what he had heard from others; he was pressured to identify the defendant by the victim's family; and he had not been "think-ing straight" when he named the defendant and had not appreciated the seriousness of his accusations.

After Willis completed his testimony, the Commonwealth read to the jury excerpts of Willis's grand jury testimony that were inconsistent with his trial testimony. The defendant objected to these recitations. Pursuant to *Commonwealth* v. *Daye*, 393 Mass. 55 (1984), the judge instructed that the grand jury statements could be received as substantive evidence.

2. *Discussion.* In *Commonwealth* v. *Daye*, *supra*, we held that prior grand jury testimony of a trial witness is admissible for substantive purposes provided that certain conditions are met: (1) the witness can be effectively cross-examined at trial regarding the accuracy of the statement; and (2) the statement was not coerced and was more than a "mere confirmation or denial of an allegation by the interrogator," i.e., the statement must be that of the witness and not of the interrogator.[2] *Id.* at 73-74. We also required that, apart from these requirements for admissibil-

---

[2]We have held since that the *Daye* rule, *Commonwealth* v. *Daye*, 393 Mass. 55, 75 (1984), encompasses statements relating to subjects other than identification. See *Commonwealth* v. *Noble*, 417 Mass. 341, 344 (1994); *Com-*

ity of the prior grand jury testimony as substantive evidence, when that testimony concerns an essential element of the crime, the Commonwealth must offer at least some corroborative evidence if there is to be sufficient evidence to warrant a conviction. In the final paragraph of the court's opinion in *Daye*, see *id.* at 75, this latter requirement concerning additional corroborative evidence was described as a third prerequisite for the admissibility of prior grand jury testimony as substantive evidence, and, since the *Daye* opinion, we have characterized that opinion as necessitating three "requirements" for such "admissibility." See, e.g., *Commonwealth* v. *Sineiro*, 432 Mass. 735, 741 (2000). In fact, of course, the first two relate to the admissibility of grand jury testimony, while the third concerns the sufficiency of evidence. Thus, only two factors must be satisfied for the evidence in question to be admitted for substantive purposes. Then, if that evidence concerns an element of the crime, there is a separate requirement that the Commonwealth must meet to sustain its burden on the element: there must be other corroborating evidence on the issue.[3] We adopt this formulation despite statements to the contrary. See, e.g., *Commonwealth* v. *Johnson*, 435 Mass. 113, 134 (2001); *Commonwealth* v. *Sineiro*, *supra* at 741; *Commonwealth* v. *Noble*, 417 Mass. 341, 344 (1994); *Commonwealth* v. *Berrio*, 407 Mass. 37, 45 (1990).[4]

In the present case we are concerned with a witness, Willis, who at trial recanted his prior identification of the defendant as the shooter. The prosecutor then presented Willis's testimony to the grand jury as substantive evidence to identify the shooter.

---

*monwealth* v. *Berrio*, 407 Mass. 37, 45 (1990). The rule has been extended, with modification, to testimony at probable cause hearings. See *Commonwealth* v. *Sineiro*, 432 Mass. 735, 745 (2000) (when at trial witness falsely claims lack of memory, corroboration of witness's probable cause hearing testimony not required before such testimony may be admitted for substantive purposes; probable cause testimony differs from grand jury testimony in that it is given in open court and is subject to cross-examination). See also *Commonwealth* v. *Fort*, 33 Mass. App. Ct. 181, 184-186 (1992).

[3] The additional evidence, however, need not be sufficient in itself to establish a factual basis for each element of the crime. See *Commonwealth* v. *Noble*, *supra* at 345 n.3. *Commonwealth* v. *Daye*, *supra*.

[4] The adoption of this formulation does not prejudice the defendant here. The grand jury evidence would have been admissible regardless of the formulation applied.

She also introduced evidence of a photographic identification of the defendant as the shooter that Willis had made to the police approximately five weeks after the murder. The defendant claims that the *Daye* conditions for admissibility have not been met. We disagree.

The defendant contends that the first *Daye* criterion was not satisfied. He argues that Willis was not available for cross-examination regarding the accuracy of his grand jury statements because these statements were not read to the jury until after Willis completed his testimony. That is not an accurate assessment of the events at trial. It was clear from Willis's direct examination that his testimony before the grand jury was a subject of contention. A lengthy bench conference was held on the subject just prior to cross-examination. Indeed, defense counsel cross-examined Willis regarding his grand jury testimony and the judge ruled immediately after counsel's cross-examination of Willis, and *before* counsel's recross-examination, that the inconsistent portions of the grand jury testimony could be read to the jury by the prosecutor. Moreover, the defendant did not object on this basis until the following day and he did not seek to recall Willis at any time.[5]

The separate requirement that the Commonwealth can only sustain its burden of proof on the identification element by presenting corroborating evidence has been satisfied as well: Willis's photographic identification of the defendant made to the police approximately five weeks after the murder was the "other evidence tending to prove the issue." *Commonwealth* v. *Daye, supra* at 75. Our rule is that extrajudicial identifications are admissible as substantive evidence notwithstanding their hearsay attributes because we consider an identification made closer in time to the events in question to be of superior probative worth. *Commonwealth* v. *Weichell*, 390 Mass. 62, 71 (1983), cert. denied, 465 U.S. 1032 (1984). See *id.* at 87 (Liacos, J., dissenting). The fact that the "other evidence" is a recanted, extrajudicial identification does not disqualify it as sufficient to

---

[5]The defendant makes no contention that the second condition was not met. The grand jury transcript makes clear that Willis's identification of the defendant as the shooter was not the product of leading questions.

meet the "other evidence" requirement.[6] We have never held that the other evidence must be of a different nature from the grand jury testimony or that it emanate from a different witness. We decline to do so now. The fact that Willis stated that the earlier identifications were made by him only because of pressure from the victim's family and were made on the basis of rumors goes to the weight, and not to the admissibility, of the earlier identifications. *Commonwealth* v. *Jones*, 375 Mass. 349, 355 (1978). Willis had testified to the grand jury that the assailant was the defendant, and he had made a photographic identification to the police. When Willis claimed at trial that his prior identifications had been influenced by various factors, the determination of the reliability of the pretrial identifications versus the in-court disavowal was a matter for the jury. They saw the witness and were aware that he had provided inconsistent accounts.

Nor does the fact that the witness was not subject to cross-examination at the time of the earlier identification render the earlier identification insufficient as the "other evidence." "The most successful cross-examination at the time the prior statement was made could hardly hope to accomplish more than has already been accomplished by the fact that the witness is now telling a different, inconsistent story." *Commonwealth* v. *Daye*, 393 Mass. 55, 71-72 n.15 (1984), quoting *California* v. *Green*, 399 U.S. 149, 159 (1970). See *Commonwealth* v. *Daye, supra* at 73-74 ("If, notwithstanding the witness's rejection on the stand of his prior statement, a jury, based on their observation of the witness and their common sense, were to conclude . . . that [the witness's] identification of the defendant before the grand jury has probative worth, we see no reason why our rules of evidence should preclude them from so doing").

The defendant faults the "other evidence" because it was not under oath. We have not imposed such a requirement, and doing so would emasculate the rule. Pretrial evidence does not normally come to us in the form of sworn statements, but rather as spontaneous utterances, statements to police investigators, or

---

[6]To the extent that the reliability of the pretrial identification is an issue, a motion to suppress for suggestiveness or other indicia of unreliability is available to the defendant.

admissions from the defendant. Generally, only probable cause or grand jury testimony is under oath.[7] Again, the fact that the extrajudicial identification has been repudiated does not render it insufficient to serve as the "other evidence."

*Judgments affirmed.*

*Order denying motion for a new trial affirmed.*

---

[7]Although it is not entirely clear from the trial transcript, Willis indicated to the grand jury that he had made the photographic identification. Thus, the prior identification was at least adopted under oath, but this is not a requirement pursuant to *Commonwealth* v. *Daye, supra* at 74, 75.