NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-253

COMMONWEALTH

vs.

RAFAEL RIVERA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial, the defendant was convicted of assault and battery by means of a dangerous weapon (a club) and assault and battery on a household member.[1]  On appeal, he argues that the trial judge erred in admitting the victim's statements to a witness and a 911 operator as excited utterances, and that the victim's grand jury testimony should have been excluded for lack of sufficient corroborating evidence.  We find no error, and affirm.

1.  Excited utterances.  An out-of-court statement may be admitted as an exception to the hearsay rule when it is made in response to an "event sufficiently startling to render inoperative the normal reflective thought processes of the

---

[1] In violation of G. L. c. 265, §§ 13M (a) and 15A (b), respectively.

observer," and is truly "a spontaneous reaction . . . and not the result of reflective thought" (quotations and citation omitted). Commonwealth v. Beatrice, 460 Mass. 255, 258 (2011). See Mass. G. Evid. § 803(2) (2020). In deciding whether a statement should be admitted as an excited utterance, a judge may consider "whether the statement was made in the same location as the startling event; the amount of time between the startling event and the making of the statement; and the age, spontaneity, and degree of excitement of the declarant." Commonwealth v. Wilson, 94 Mass. App. Ct. 416, 421 (2018).

Here, the trial judge did not abuse his discretion in admitting statements the victim made to a neighbor (who testified at trial) and to a 911 operator.[2] See Wilson, 94 Mass. App. Ct. at 423. The neighbor testified that he was in an industrial building with an open garage door when he saw the victim come running toward him, covered in blood and screaming, "[H]elp, someone's trying to kill me, help me mister." He testified that she appeared to be very upset, heaving convulsively, and breathing hard. He further testified that the victim then told him that her boyfriend had beaten her with a piece of furniture, and that she had escaped through a window and run to the nearby building where the neighbor happened to

_____

[2] The judge ruled prior to trial to allow the statements in evidence.

2

be.  The neighbor testified that the victim kept repeating that her boyfriend was trying to kill her.  Her demeanor during her entire interaction with the neighbor, as well as her words themselves, clearly suggested that she was still in the grip of the startling event.[3]

Nor did the judge err in determining that the 911 call was admissible as an excited utterance.  The victim remained upset and in tears as she spoke to a 911 operator on the neighbor's cell phone, so much so that the operator had a difficult time understanding her.  See Commonwealth v. Sanchez, 96 Mass. App. Ct. 1, 7 (2019) (frantic tone and tears during 911 call indicated victim still under stress of startling event).  Although the 911 call lasted several minutes, the touchstone of an excited utterance is the impact of the startling event on the victim, not the length of time between the event and the statement.  See Wilson, 94 Mass. App. Ct. at 422 n.7.  Nor does the fact that the victim was no longer in the presence of her attacker remove her statements from the realm of excited utterances, when her words and demeanor indicated that she was still under such extreme distress.  Id. at 422 (startling event need not be ongoing when declarant made statement).  The

---

[3] Indeed, the neighbor testified that the victim appeared to be in such fear that after her statements to him, he closed the garage door lest someone was still chasing her.

statements to both the neighbor and the 911 operator were therefore properly admitted.

2. Grand jury testimony. The defendant contends that had the victim's out-of-court statements been excluded, insufficient corroborating evidence would have existed to allow the admission of the victim's grand jury testimony as substantive evidence.[4] See Commonwealth v. Clements, 436 Mass. 190, 192-193 (2002). Since the statements were properly admitted as excited utterances, it follows that there was no error in admitting the victim's grand jury testimony.[5]

Judgments affirmed.

By the Court (Green, C.J.,
  Wolohojian &
  Sullivan, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered: May 22, 2023.

---

[4] To the extent the defendant suggests that the trial evidence was legally insufficient to support his convictions, the argument is misplaced for the reasons explained in Commonwealth v. Belmer, 78 Mass. App. Ct. 62, 68 n.3 (2010).

[5] We note that, even without the excited utterances, other evidence at trial corroborated the victim's grand jury testimony, such as the neighbor's observations of the victim's demeanor when she first approached him, and police testimony that the defendant was found standing in front of the victim's apartment holding a broken furniture leg shortly after the victim's 911 call.

[6] The panelists are listed in order of seniority.

4